IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| DONNA J. TACZA, | ) | |
|     Plaintiff, | ) | |
| | ) | |
|     v. | ) | Civil Action No. 08-732 |
| | ) | |
| MICHAEL J. ASTRUE, | ) | |
| COMMISSIONER OF SOCIAL | ) | Magistrate Judge Lisa Pupo Lenihan |
| SECURITY, | ) | |
|     Defendant. | ) | |

**OPINION AND ORDER**

**I.    Conclusion**

For the reasons set forth below, the Plaintiff's Motion for Summary Judgement will be denied, the Defendant's Motion for Summary Judgment granted, and the decision of the Commissioner of Social Security to deny Plaintiff's application for Supplemental Security Income ("SSI") will be affirmed.

**II.    Procedural History**

Donna J. Tacza ("Plaintiff"), by her counsel, timely filed a Complaint pursuant to 42 U.S.C. §405(g) and § 1383(c)(3) for review of the Commissioner's final determination disallowing her claim. The prior procedural history in this matter is as follows:

Plaintiff protectively applied for SSI in October, 2005. She alleges disability owing to conditions including back and knee impairments and hypertension. After the state agency denied her application, a hearing was held before the Administrative Law Judge (the "ALJ") on April 11, 2007, at which Plaintiff was represented by counsel and a vocational expert (the "VE") testified. By Decision dated June 19, 2007, the ALJ denied Plaintiff's application for SSI. Specifically, the ALJ agreed the Plaintiff had the severe impairments for degenerative disc disease, hyperlipidemia, hypertension, restrictive lung disease/asthma, bursitis, gastritis, and obesity. See Transcript at 18 (Decision of ALJ). He further concluded, however, with significant and specific discussion of the medical records, that neither the clinical and objective findings nor her activities of daily living were consistent with Plaintiff's assertions of totally debilitating symptomatology. See id. at 20-23. Accordingly, the ALJ determined that Plaintiff retained the ability to perform a very limited range of unskilled, light work with no more than occasional walking and standing, or postural maneuvers or climbing; an option to sit and stand throughout the work day; only occasional fine fingering/feeling or push/pulling; no prolonged writing or frequent keyboard work with the left non-dominant hand; and only simple, routine repetitive tasks in a stable work environment. See id. at 19. Plaintiff appealed, and the Appeals Council denied her request for review. This civil action was then filed.

Plaintiff asserts that the ALJ erred in (1) failing to properly consider her subjective allegations; (2) failing to provide "persuasive contradictory evidence to invalidate the opinions of [Plaintiff's] treating and examining" physicians and failing to give those opinions "controlling weight"; (3) concluding that Plaintiff did not meet a listed impairment; and (4) failing to

2

adequately support his "characterization of [P]laintiff's residual functional capacity" ("RFC"). See Plaintiff's Brief.

### III. "Substantial Evidence" Standard of Review

In reviewing an administrative determination of the Commissioner, the question before any court is whether there is "substantial evidence" in the agency record to support the findings of the Commissioner that the plaintiff failed to sustain her burden of demonstrating that she was disabled within the meaning of the Social Security Act. 42 U.S.C. § 405(g). See also, *e.g.*,

Substantial evidence is defined as "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Hartranft v. Apfel, 181 F.3d 358, 360 (3d Cir. 1000) (citing Pierce v. Underwood, 487 U.S. 552, 565 (1988)); Plummer v. Apfel, 186 F.3d 422 (3d Cir. 1999). Although there may be contradictory evidence in the record, and/or although this Court may have found otherwise, it is not cause for remand or reversal of the Commissioner's decision if substantial support exists. Sykes v. Apfel, 228 F.3d 259, 262 (3d Cir. 2000).

### IV. Disability Evaluation

The term "disability" is defined in 42 U.S.C. Section 423(d)(1)(A) as:

inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months . . . .

The requirements for a disability determination are provided in 42 U.S.C. Section 423(d)(2)(A):

> An individual shall be determined to be under a disability only if his physical or mental impairment or impairments are of such severity that he is not only unable to do his previous work but cannot, considering his age, education, and work experience, engage in any other kind of substantial gainful work which exists in the national economy . . . . For purposes of the preceding sentence . . . 'work which exists in the national numbers either in the region where such individual lives or in several regions of the country.

A "physical or mental impairment" is "an impairment that results from anatomical, physiological, or psychological abnormalities which are demonstrable by medically acceptable clinical and laboratory diagnostic techniques." 42 U.S.C. Section 423(d)(3).

Finally, the applicable regulations set forth a more explicit five-step evaluation to determine disability. See 20 C.F.R. §§404.1501-1529.[1] The ALJ must first decide whether the plaintiff is engaging in substantial gainful activity. If not, then the severity of the plaintiff's impairment must be considered. If the impairment is severe, then it must be determined whether he meets or equals the "Listings of Impairments" in Appendix 1 of the Regulations which the Commissioner has deemed of sufficient severity to establish disability. If the impairment does not meet or equal the Listings, then it must be ascertained whether he can do his past relevant work. If not, then the residual functional capacity of the plaintiff must be ascertained, considering all the medical evidence in the file, to assess whether the plaintiff has the ability to perform other work existing in the national economy in light of plaintiff's age, education and past work experience.

---

1. This evaluation process has been repeatedly reiterated with approval by the United States Supreme Court. See, *e.g.*, Barnhart v. Thomas, 124 S.Ct. 376, 379-80 (2003).

While these statutory provisions may be regarded as harsh; nevertheless, they must be followed by the courts. NLRB v. Staiman Brothers, 466 F.2d 564 (3d Cir. 1972); Choratch v. Finch, 438 F.2d 342 (3d Cir. 1971); Woods v. Finch, 428 F.2d 469 (3d Cir. 1970).

**V. Analysis**

As noted above, Plaintiff complains of several errors on appeal:

(1) In reviewing a disability claim, the Commissioner must consider subjective symptoms as well as the medical and vocational evidence. But the ALJ may properly consider subjective complaints in light of the other evidence of record, including objective medical evidence, plaintiff's other testimony, and plaintiff's description of her daily activities. See Hartranft v. Apfel, 181 F.3d 358, 362 (3d Cir. 1999). When he has done so, the ALJ's decisions in that regard are subject only to the substantial evidence review. See Good v. Weinberger, 389 F. Supp. 350, 353 (W.D. Pa. 1975); see also Kephart v. Richardson, 505 F.2d 1085, 1089 (3d Cir. 1976) (noting that credibility determinations of ALJ are entitled to deference).

Here, the ALJ properly observed that Plaintiff's self-reported degree of symptoms was not supported by the medical evidence of record, and was not fully consistent with her reports of daily activities. Cf., *e.g.*, Defendant's Brief in Support at 14 (noting, with citations to record, that while diagnostic tests revealed mild/moderate degenerative changes, her physical examinations "routinely revealed little to no . . . diminished strength, decreased range of motion, evidence of radiculopathy or altered gait" and her course of treatment was largely "over-the-counter pain medications, anti-inflammatories, moist heat, [recommended] weight reduction, and physical therapy". Compare Plaintiff's Brief at 13 (noting Plaintiff's report that she could only carry out

light trash, had to vacuum in increments, could only carry one light shopping bag at a time, required rest periods while making beds, and had difficulty walking long distances) with id. at 14-15 (noting Plaintiff's hearing testimony that she could not walk up steps or sometimes even get out of bed, could not lift a gallon of milk, and had to have someone else do the vacuuming). And the ALJ reflected those of Plaintiff's complained-of limitations which he concluded were supported by the record into the significant restrictions of the hypothetical presented to the VE.

(2) In evaluating the weight to give to a medical opinion, the ALJ considers factors including the treatment relationship, the opinion's supportability, and its consistency with the record as a whole. See 20 C.F.R. § 404.1527(d).

In this case, varying treating physicians periodically filled out forms reported to the Pennnsylvania Department of Public Welfare that Plaintiff was temporarily precluded from employment owing, generally, to fall-related injuries and/or chronic back and/or other mild degenerative changes and related pain, stenosis, poorly controlled hypertension, and (in March 2007) restrictive lung disease. See Plaintiff's Brief (noting temporary disability reports of January 2001, December 2003, May 2005, February and March 2006, October 2006, and March 2007). See generally 20 C.F.R. § 416.904 (disability determinations by other governmental agencies are based on that agency's rules and are not binding on the Commissioner).

To the extent Plaintiff asserts that the ALJ was required to accept a treating physician's opinion of temporary work disability/restrictions or limitation to sedentary work as binding with regard to entitlement to benefits under the Act, she is in error. Although the opinion of a treating physician is entitled to increasingly enhanced weight when it is both supported by medically acceptable clinical and laboratory diagnostic techniques, and not inconsistent with the other

6

substantial evidence of record,[2] even such opinion is not binding on the ALJ on the issues of the nature and severity of a claimant's impairment. See 20 C.F.R. § 404.1527(d)(2).

A difficulty the ALJ found with Plaintiff's case was the lack of medical evidence to support Plaintiff's complaints of more severely disabling impairments. Cf. Griggs v. Schweiker, 545 F. Supp. 475, 484 n. 2 (S.D.W. Va. 1982) (noting that "a physician's opinion must be grounded in medicine").[3] And there was significant medical evidence was to the contrary. See, e.g., Plaintiff's Brief at 5 (noting objective evidence of "minimal to moderate" degenerative changes in January 2004); id. at 7 (noting MRI evidence of generalized degenerative disc changes, mild stenosis, and mild foraminal narrowing in September 2005); id. at 8 (citing opinion of state consulting examiner, Dr. Jabbour, in February 2006, that Plaintiff "could frequently lift up to 10 pounds; . . . stand or walk for more than 2 hours; . . . sit for 6 hours; . . was limited . . . for pushing and pulling; . . . could occasionally bend, kneel, stoop, crouch and balance; and that [her] ability to handle and finger objects [with her left hand] was adversely

---

2. See 20 C.F.R. §§ 404.1527(d)(2); 416.927(d)(2). See also Plummer v. Apfel, 186 F.3d 422, 429 (3d Cir. 1999) (holding that ALJ may afford physician's opinions more or less weight depending on the extent to which they are supported); Mason v. Shalala, 994 F.2d 1058, 1065 (3d Cir. 1993) (noting that doctor's opinions unsupported by objective medical evidence is "weak evidence at best"). Cf. 20 C.F.R. § 404.1529(c)(3) (explaining that objective medical evidence is that obtained from the application of medically acceptable clinical and laboratory diagnostic techniques, such as evidence of sensory deficits or motor disruption).

3. The courts have consistently noted that an ALJ is well within his rights to give less weight and/or deference to those of the doctor's medical opinions that are premised on self-reporting. See, e.g. Serrano-Diaz v Barnhart, 2004 WL 2431693, *6 (E.D. Pa. October 29, 2004) (noting that objective medical evidence is not that "prescribed based on plaintiff's subjective complaints"). And again, credibility findings as to, and the proper weight to be accorded, a claimant's account of his/her subjective complaints and limitations are for the ALJ, although they are to be seriously considered. See Kephart v. Richardson, 505 F.2d 1085, 1089 (3d Cir. 1974); Green v. Schweiker, 749 F.2d 1066, 1068 (3d Cir. 1984). So long as a plaintiff's subjective complaints have been properly addressed, the ALJ's decisions in that regard are subject only to the substantial evidence review discussed supra.

affected [by her "trigger finger" condition]"); id. at 8 (noting MRI evidence of minimal stenosis and disc space narrowing in January 2006); id. at 10 (citing opinion of County Assistance Program evaluator, Dr. Richless, in March 2007 that Plaintiff could work full time and had no restrictions in sitting, standing or walking; could occasionally bend at the waist, squat at the knees, climb and crawl; had no restrictions with upper extremities; and could lift and carry light to medium physical demand level); id. (noting Dr. Richless' conclusion that "plaintiff's major barriers to employment included motivation, lack of skilled job training, and chronic low grade back pain"); id. at 11 (noting physical therapist's March 2007 opinion that Plaintiff could perform full-time sedentary work, could walk on a constant basis, stoop occasionally, move sit-to-stand occasionally, could not kneel, reach or crawl, and was severely limited in lifting); id. at 11 (noting Work Capacity Assessment report of April 2007 that Plaintiff was severely limited in kneeling, crawling and lifting but could perform full time sedentary work).

Finally, although he did not conclude that Plaintiff's degree of impairment rose to the level of a permanent/long-term sedentary work restriction or "disability", the ALJ nonetheless accommodated significant limitations (including most of the limitations identified in the State Consultative Examiner's RFC assessment) in the hypotheticals presented to the VE.

(3) Plaintiff's assertions to the contrary notwithstanding, the record indicates that the ALJ provided meaningful review in determining that Plaintiff did not meet the criteria for a listed impairment, and substantial evidence supports his conclusion. Cf., *e.g.*, Plaintiff's Brief at 28-29 (noting that Listing 1.00B2b defines an "inability to ambulate effectively" as an "extreme limitation of the ability to walk" that "interefers very seriously" with the individual's ability to, *e.g.*, "carry out activities of daily living"). Compare medical records and opinions noted *supra*.

8

<u>See also</u> Defendant's Brief in Support (citing to portions of medical evidence regarding responsiveness of Plaintiff's "trigger finger" condition to therapy); <u>id.</u> at 17-18 (providing citations to portions of Decision that summarize consideration of the listings).

(4) The ALJ's conclusions regarding Plaintiff's limitations and her RFC are supported by substantial evidence and expressly based on the record as a whole. <u>See</u> <u>Hur v. Barnhart</u>, 2004 WL 817359 (3d Cir. April 16, 2004) (noting that the ALJ was not expected to make reference to every piece of relevant information); <u>Mays v. Barnhart</u>, 2003 WL 22430186 (3d Cir. 2003) (affirming ALJ's Decision which reached conclusion supported by evidence canvassed).

In this case, the ALJ presented the VE's hypothetical with RFC restrictions that were documented in the evidence provided, including the clinical and laboratory diagnostic evidence of record. <u>Cf.</u> <u>Colavito v. Apfel</u>, 75 F. Supp.2d 385, 400 (E.D. Pa. 1999) (holding that claimant has burden of establishing that his infirmities resulted in the alleged functional limitations on his ability to work).

The record indicates that the ALJ was well within his discretion to conclude that the evidence was insufficient to establish that Plaintiff was "disabled" within the meaning of the Act as a result of her impairments (or, *e.g.*, that she was restricted to sedentary work). <u>See</u> 20 C.F.R. § 404.1512(a) (requiring claimant to "furnish medical and other evidence that [Agency] can use to reach conclusions about [claimant's] medical impairments and . . . ability to work on a sustained basis").

In addition, as discussed *supra*, the record supported the ALJ's legal determination that Plaintiff remained able to perform certain work. In this case, the ALJ properly looked to Plaintiff's own testimony about her activities as well as her limitations, the overall objective

medical evidence of record, and Plaintiff's treatment history with the physicians whose evidence was being weighed. This determination was for the ALJ, see C.F.R. §§ 404.1527(e), 416.927(e), and so long as he identified it as supported by "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion", it may not be overturned. See Hartranft v. Apfel, 181 F.3d 358, 360 (3d Cir. 1000) (citing Pierce v. Underwood, 487 U.S. 552, 565 (1988)); Plummer v. Apfel, 186 F.3d 422 (3d Cir. 1999). Nothing in the records Plaintiff brings to this Court's attention calls the ALJ's decision into question under the applicable standard of review.

## VI. Order

For the reasons discussed above, it is ORDERED that Plaintiff's Motion for Summary Judgment be denied, Defendant's Motion for Summary Judgment granted, and the decision of the Commissioner affirmed.

_____
LISA PUPO LENIHAN
United States Magistrate Judge


Dated: June 25, 2009